CAZ HASHEMI, State Bar No. 210239
chashemi@wsgr.com
BENJAMIN M. CROSSON, State Bar No. 247560
bcrosson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

JESSICA L. SNORGRASS, State Bar No. 259962
jsnorgrass@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900

*Attorneys for Defendants Jeffrey T. Green, Laura Schenkein, Lise J. Buyer, Andrea L. Cunningham, Kathryn E. Falberg, Gokul Rajaram, Samantha Jacobson, David B. Wells, and Nominal Defendant The Trade Desk, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE THE TRADE DESK, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 2:25-cv-01975-CAS-DFM<br><br>(Consolidated)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Discovery Document: referred to Magistrate Judge Douglas F. McCormick |

## 1. INTRODUCTION

1.1. Purposes and Limitations. Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

1.2. Good Cause Statement. This Action is likely to involve customer and pricing lists, trade secrets, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1. Action: *In re The Trade Desk, Inc. Derivative Litigation*, No. 2:25-cv-01975-CAS-DFM.

2.2. Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3. "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

2.4. Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5. Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6. Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this Action; (2) is not a current employee of The Trade Desk or of The Trade Desk's competitor (as listed in Exhibit B); and (3) at the time of retention, is not anticipated to become an employee of The Trade Desk or of The Trade Desk's competitor.[1]

2.8. Final Disposition: The later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9. "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things belonging to a Designating Party who believes in good faith that the disclosure of such information to another Party or Non-Party would, notwithstanding the protections of the Protective Order, create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means. At this time, the Parties anticipate that "Highly Confidential" information may include Trade Desk's source code; client-, product-, service-, or platform-specific take rates; client-specific pricing; and non-public product and feature launches for 2026 or beyond.[2]

---

[1] The Parties will not argue in this proceeding at any time (including to the jury) that another Party's proposed expert is unqualified, less qualified, or unfit because he or she (1) is not a current employee of The Trade Desk or of The Trade Desk's competitor (as listed in Exhibit B); or (2) at the time of retention, is not anticipated to become an employee of The Trade Desk or of The Trade Desk's competitor. Notwithstanding this provision, the Parties are not prohibited from retaining experts that do not fit within this definition so long as they are not given access to Protected Material without the Parties' consent.

[2] For the avoidance of doubt, this provision does not establish or imply that production of such information is warranted in this Action.

2.10. In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11. Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12. Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13. Party (or, Parties): Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14. Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15. Professional Vendors: Persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors. For purposes of Sections 7.2(g) and 7.3(g) below, one employee of a Professional Vendor with authority to bind the Professional Vendor may sign Exhibit A on behalf of the Professional Vendor.

2.16. Protected Material: Any Disclosure or Discovery Material that is designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL.”

2.17. Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**4. TRIAL AND DURATION**

The terms of this Stipulated Protective Order apply through Final Disposition of the Action.

Once a case proceeds to trial, court filed information that was previously designated as "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL" or maintained pursuant to this Stipulated Protective Order and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. Accordingly, for such materials, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent feasible, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. To the extent feasible, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).The Producing Party may affix the legend to the slipsheet of a document produced in native format.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated

which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies on the record before the close of the deposition, or in writing within 21 days after the close of the deposition, that the entire transcript or portions thereof will be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The transcript will contain the designation. The transcript will be treated as "HIGHLY CONFIDENTIAL" until the 21-day period expires.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party indicates in the production cover letter or email or affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the court's Scheduling Order.

6.2. Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

6.3. Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only:

(a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) to contract attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) to the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) to the court and its personnel;

(f) to court reporters and their staff;

(g) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, to witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided the witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions, and The Trade Desk, Inc.'s D&O insurance carriers, their counsel, and brokers.

7.3. Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only:

(a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) to contract attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) to In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) to the court and its personnel;

(f) to court reporters and their staff;

(g) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, to (1) the Individual Defendants; (2) any current Trade Desk employee; or (3) any former Trade Desk employee who was employed by Trade Desk between November 15, 2023 and August 8, 2025, inclusive, who is not currently employed by and is not anticipated to become employed by an entity listed on Exhibit B or a client of Trade Desk, and to whom disclosure is reasonably necessary, provided the witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) unless otherwise agreed by the Designating Party or ordered by the Court; and

(j) to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions, and The Trade Desk, Inc.'s D&O insurance carriers, their counsel, and brokers.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1. Application. The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2. Notification. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party knows the information is subject to a protective order entered in another litigation, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a protective order entered in another litigation;

(b) make the information requested available for inspection by the Non-Party, if requested.

9.3. Conditions of Production. If the Non-Party fails to seek a protective order within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce the Non-Party's confidential information before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Nothing in this Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other privilege, doctrine, right, or immunity. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Fed. R. Evid. 502(d), the mere production of a privileged or work-product-protected document, whether inadvertent or otherwise, does not operate as and is not a waiver of privilege or protection from discovery in this case or in any other federal or state matter or proceeding.

**12. MISCELLANEOUS**

12.1. Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2. Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4. Artificial Intelligence. The Parties agree that a Receiving Party may use artificial intelligence software and services (together, an "AI Model") to aid in the processing, review, and analysis of Protected Material, provided however that any such AI Model must protect the confidentiality of such Protected Material as

required by this Protective Order. No Receiving Party may submit any Protected Material to an AI Model that is open or available to the public, including ChatGPT and similar tools. No Receiving Party may submit any Protected Material to any other AI Model unless the Receiving Party first ensures that (1) the AI Model will not learn from, be trained upon, use or otherwise incorporate the Protected Material for any purpose other than the prosecution or defense of this Action; (2) all Protected Material inputted into the AI Model is destroyed in accordance with Section 13 below; and (3) access to Protected Material inputted into the AI Model is limited to persons to the extent permitted by Sections 7.2 and 7.3 above. The Receiving Party must retain written documentation of the contractual provisions between the Receiving Party and the provider of the AI Model evidencing the protections required by this paragraph.

**13. <u>FINAL DISPOSITION</u>**

After the Final Disposition of this Action, as defined in Section 2.8, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except to the extent prohibited by law. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, and does not have to search their email or word processing software for such information. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**14. VIOLATION**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: *October 22, 2026*

Honorable Douglas F. McCormick
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 20, 2026

Respectfully submitted,

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**
*/s/ Benjamin M. Crosson*

Caz Hashemi
Benjamin M. Crosson
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
chashemi@wsgr.com
bcrosson@wsgr.com

Jessica L. Snorgrass

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
jsnorgrass@wsgr.com

*Attorneys for Defendants Jeffrey T. Green, Laura Schenkein, Lise J. Buyer, Andrea L. Cunningham, Kathryn E. Falberg, Gokul Rajaram, David B. Wells, Samantha Jacobson, and Nominal Defendant The Trade Desk, Inc.*

Dated: October 20, 2026

**WOLF HALDENSTEIN ADLER FREEMAN & HERTZ LLP**
*/s/ Betsy C. Manifold*

Betsy C. Manifold (SBN 182450)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-5499
Facsimile: (619) 234-4599
Email: manifold@whafh.com

*Local Counsel for Plaintiff Silva*

**THE BROWN LAW FIRM, P.C.**
Robert C. Moest (SBN 62166)
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: Rmoest@aol.com

Timothy Brown
1350 Avenue of the Americas, Suite 1200
New York, NY 10019
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

**RIGRODSKY LAW, P.A.**
Seth Rigrodsky
Vincent A. Licata
Leah B. Wihtelin (*pro hac vice*)
225 Broadway, Suite 3707
New York, NY 10007
Telephone: (212) 201-7690
Email: sdr@rl-legal.com
Email: vl@rl-legal.com
Email: lw@rl-legal.com

*Co-Lead Counsel for Plaintiffs*

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Place, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Additional Counsel for Plaintiff Silva*

**SIGNATURE ATTESTATION**

This certifies, pursuant to Local Rule 5-4.3.4, that all signatories to this document concur in its content and have authorized this filing.

By: */s/ Benjamin M. Crosson*
Benjamin M. Crosson

*Attorneys for Defendants Jeffrey T. Green, Laura Schenkein, Lise J. Buyer, Andrea L. Cunningham, Kathryn E. Falberg, Gokul Rajaram, David B. Wells, Samantha Jacobson, and Nominal Defendant The Trade Desk, Inc.*

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _________________________ [print or type full name], of ___________ ____________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ___________ [DATE] in the case of *In re The Trade Desk, Inc. Derivative Litigation*, 2:25-cv-01975-CAS-DFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint _________________________ [print or type full name] of _________ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ____________________________

City and State where sworn and signed: ____________________________

Printed name: ____________________________

Signature: ____________________________

# EXHIBIT B

This Exhibit sets forth competitors of The Trade Desk for the definition of Expert in the Stipulated Protective Order. This Exhibit does not establish or imply that these competitors are the appropriate set of competitors for any other purpose, and the Parties reserve their rights to argue that the same set or other sets of competitors are appropriate for other purposes.

- Adform
- Alphabet/Google
- Amazon
- Basis Technologies
- Double Verify
- Freewheel
- Magnite
- MediaMath
- Microsoft
- Nexxen International
- Outbrain
- Perion Network
- Quantcast
- Simpli.fi
- StackAdapt
- Taboola.com
- Verizon/Yahoo
- Viant Technology